IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAHEEM LA'MONZE PLATER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  CIV-20-875-R |
| ) | |
| ) | |
| DAVID BOWERS, et al., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is a Report and Recommendation issued by the Honorable Magistrate Judge Gary M. Purcell. Doc. No. 36. Raheem La'Monze Plater ("Plaintiff") timely objected to the Report and Recommendation. Doc. No. 39. The Court finds as follows.

On October 28, 2019, Plaintiff was convicted of second-degree rape and of the procurement, production, distribution, and/or possession of juvenile pornography.[1] He appealed his conviction and received a court-appointed attorney—through the Oklahoma Indigent Defense System ("OIDS")—to represent him.[2] Doc. No. 36, p. 2.

---

[1] Plaintiff is currently held at the Lawton Correctional Facility, where he was received on October 31, 2019. Oklahoma Department of Corrections, OK Offender, https://okoffender.doc.ok.gov/ (last visited April 23, 2021).

[2] Plaintiff's motion for a preliminary injunction, as it applies to him, could also be denied as moot because the remedy he seeks—access to the law library to aid his state court appeal—is no longer available based on the state court's opinion, affirming Plaintiff's conviction, on April 22, 2021. Oklahoma State Courts Network, Oklahoma Court of Criminal Appeals, *Plater v. State*, Case No. F-2019-772 (Opinion, Apr. 22, 2021), https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=F-2019-772&cmid=127135.

Under Oklahoma Court of Criminal Appeals ("OCCA") Rule 3.4(E), when a court-appointed attorney represents an appellant in proceedings before the OCCA, "only briefs submitted by the attorney of record will be accepted for filing…". OCCA Rule 3.4(E). Because Plaintiff was represented by counsel, any argument he wished to file "pro se" in his appellant's brief must have been "presented [… ] by the attorney of record for submission to [the] [c]ourt." *Id.* At the Lawton Correctional Facility ("LCF"), where Plaintiff is currently held, when an inmate is represented by an attorney, the inmate's attorney retains the responsibility to obtain research materials for the inmate's case. *See* Doc. No. 14-1, OP-030115(V)(A)(3) (hereinafter "the LCF Policy"). Thus, Plaintiff alleges the LCF Policy prevents him from submitting his own pro se arguments in his criminal appeal. Doc. No. 14.

In response, Plaintiff filed a Complaint arguing that the Defendants violated his constitutional "right to petition the courts." Doc. No. 1. The Court referred the matter to Judge Purcell, Doc. No. 5, and the Plaintiff then sought a preliminary injunction, seeking to prevent LCF from enforcing the LCF Policy "against those inmates represented by court-appointed counsel."[3] *Id.* Plaintiff argues the LCF Policy violates his constitutional rights under the First, Sixth, and Fourteenth Amendments. Doc. No. 14. In his Report and Recommendation, Judge Purcell outlined the standard for issuing a preliminary injunction:

> To obtain a preliminary injunction, Plaintiff must establish that four factors weigh in his favor: "(1) [he] is substantially likely to succeed on the merits; (2) [he] will suffer irreparable injury if the injunction is denied; (3) [his] threatened injury outweighs the injury the opposing party will suffer under

---

[3] A motion to dismiss, filed by Defendant David Bowers, is also currently pending before the Court. Doc. No. 45. This Order is limited to Plaintiff's motion for a preliminary injunction. Doc. No. 14.

2

the injunction; and (4) the injunction would not be adverse to the public interest." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).

Doc. No. 36, p. 3. Judge Purcell recommended the Court deny Plaintiff's motion for two reasons. *Id.* pp. 4–7. First, because as to Plaintiff's First and Sixth Amendment claims, there was no likelihood of success on the merits, nor an irreparable injury if the injunction was denied. *Id.* Second, he reasoned that Plaintiff's Fourteenth Amendment claim failed because he could not establish a liberty interest in accessing the prison law library. *Id.* p. 7.

In Plaintiff's objection, he includes a barrage of arguments absent from his initial motion for a preliminary injunction. In the Tenth Circuit, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Thus, the Court need only address the arguments in the objection to the Report and Recommendation that Plaintiff raised in his initial motion. *Id.*

Judge Purcell liberally construed Plaintiff's claims as asserting a denial of access to the courts pursuant to *Bounds v. Smith*, 430 U.S. 817, 825 (1977). In the Report and Recommendation, Judge Purcell properly characterized Plaintiff's argument as asserting that "his attorney cannot be successful and/or effective without Plaintiff's assistance and that Plaintiff cannot provide this assistance due to the enforcement of [the LCF Policy]. Doc. No. 36, p. 5.

Though states are required to grant prisoners reasonable access to the courts, an inmate's access to the courts is not unlimited. *See Lewis v. Clark*, 577 F. App'x 786, 796–

97 (10th Cir. 2014) ("[T]he Constitution does not guarantee prisoners 'an abstract, freestanding right to a law library or legal assistance.'") (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). In *Lewis v. Clark*, the Tenth Circuit examined a similar claim, where a prisoner alleged a denial of access to the courts based on a lack of sufficient access to the law library. *Clark*, 577 F. App'x 786, 796 (10th Cir. 2014). In affirming the claim's dismissal, the court explained that "[i]t is well established that providing legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library." *Id.* (quoting *United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999) (citing *Casey*, 518 U.S. at 351))).

In his objection, Plaintiff attempts to couch his claim as "requesting focused access to legal materials in order to draft relevant documents[.]" Doc. No. 39, p. 14. However, the essence of his claim remains the same. *Id.* Despite receiving court-appointed counsel in his criminal appeal, Plaintiff argues he has been deprived of his constitutional rights because his access to the law library is limited to access through his OIDS attorney. *Id.* Accordingly, aligning with the Tenth Circuit's decision in *Clark*, the Court agrees with Judge Purcell's recommendation that the LCF Policy, providing access to the law library through legal counsel, is a constitutionally acceptable alternative. 577 F. App'x at 796. Thus, Plaintiff has not plausibly alleged a violation of a constitutional right of access to the courts,[4] and

---

[4] Many district courts have reached the same conclusion. *See, e.g.*, *Ishman v. Ballard*, No. CIV-18-893-G, 2019 WL 3318113, at *1 (W.D. Okla. July 24, 2019); *Carrier v. Lundstedt*, No. 13-cv-02933-PAB-CBS, 2014 WL 8103198, at *9 (D. Colo. Dec. 22, 2014) (R. & R.) ("[A]ny claim that [the prisoner-plaintiff] was denied access to the courts is defeated by his representation by counsel in his criminal cases."), *adopted*, 2015 WL 1041835 (D. Colo. Mar. 4, 2015); *Johns v. Coosa Cty. Jail*, No. 2:11-CV-615-WHA (WO), 2011 WL 4005320, at *2 (M.D. Ala. Aug. 18, 2011) (R. & R.) ("While Plaintiff may desire to take a more active role in his pending criminal proceedings, such is insufficient to demonstrate a lack of access to the courts."), *adopted*, 2011 WL 4005318 (M.D. Ala. Sept. 8, 2011).

Judge Purcell's Report and Recommendation—Doc. No. 36—is hereby ADOPTED in its ENTIRETY. Therefore, Plaintiff's motion is hereby DENIED.

**IT IS SO ORDERED** on this 26th day of April 2021.

!

*David L. Russell* (signature)

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

5